**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4296

MILTON C. ROBINSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-98-49-BO)

Submitted: December 29, 1999

Decided: February 9, 2000

Before MURNAGHAN, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William L. Davis, III, Lumberton, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, Jennifer May-Parker, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Milton C. Robinson of habitual driving while impaired, transporting an open container of alcoholic beverage after having consumed alcohol, and speeding. These offenses, while crimes under North Carolina state statutes, were prosecuted federally because they were committed on property of Fort Bragg, North Carolina, and were within the territorial jurisdiction of the United States and subject to its jurisdiction under the Assimilated Crimes Act, 18 U.S.C.A. § 13 (West Supp. 1999), and 32 C.F.R. § 210 (1999). Robinson appeals his convictions and sentence, alleging insufficiency of evidence and improper evidentiary rulings by the district court. Finding no error, we affirm.

Robinson alleges the district court erred by admitting into evidence Government's Exhibit #1 to establish three prior convictions of impaired driving because the exhibit, a state court Judgment and Commitment, post-dated the offense of conviction (October 1, 1997). We find the district court did not abuse its discretion by permitting admission of the exhibit because the prior convictions the Government sought to establish, proof of which was contained in the October 28, 1997 document, occurred in September 1994, September 1995, and December 1995, well in advance of the offense of conviction. See United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995).

Robinson further argues the district court erred in admitting this exhibit because it contained evidence of prior bad acts. Because Robinson failed to object at trial on this ground and preserve this issue for appeal, our review is for plain error. See United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995). Rule 404(b) of the Federal Rules of Evidence provides that evidence of other crimes, wrongs, or acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." These exceptions to the inadmissibility of prior bad acts evidence are broadly construed, effectuating the principle that "evidence of prior bad acts is admissible unless it is introduced for the sole purpose of proving criminal disposition." United States v. Russell, 971 F.2d 1098, 1106 (4th Cir. 1992).

The bad acts involving prior driving impaired offenses that were contained in the exhibit were not introduced pursuant to any of the exceptions to Rule 404(b). Instead, they were introduced to establish that Robinson, by pleading guilty to such acts, confirmed the three prior convictions for driving impaired that occurred in September 1994, September 1995, and December 1995. Therefore, they were not introduced under an exception to Rule 404(b) or to show criminal disposition, rather they were components of the underlying predicate offenses necessary to prove the offense of conviction, which was driving while impaired after having been convicted of three prior driving impaired offenses.

As to the bad acts contained in the exhibit that were unrelated to the habitual driving impaired charge, Robinson failed to object to the introduction of those acts. Further, there was no request that the court redact the document or provide a limiting instruction. Nevertheless, because the acts involved prior felonies that were irrelevant to the trial and potentially prejudicial, it was error to admit them. However, because the acts were unrelated to the current offenses and were not referred to by either party anywhere in the record submitted on appeal, we find the error to be harmless.

Robinson also contends the evidence was insufficient to prove he drove while impaired, had three prior driving impaired convictions, and was driving with an open container in his vehicle while alcohol remained in his body. When reviewing sufficiency of the evidence, the trial verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942).

The evidence at trial established that Robinson was speeding and had an odor of alcohol on his breath when pulled over by the officer. Robinson was unable to follow field sobriety test instructions, indicating an impairment of his mental faculties. Further, his inability to exit the vehicle and walk to the rear of it without steadying himself, his lack of balance, and the need to lean on the vehicle for support demonstrate his physical faculties were impaired. Robinson also failed the walk and turn field sobriety test. Finally, the arresting officer testified that he believed Robinson was impaired as a result of alcohol when he stopped Robinson's vehicle. Accordingly, we find the evidence

3

was sufficient for a rational trier of fact to find that Robinson drove while impaired and that alcohol remained in his body.

The evidence that the officer removed a half-empty bottle of gin with a broken seal from the passenger side of Robinson's truck was likewise sufficient to establish that an open container of alcohol was in the vehicle driven by Robinson.

Robinson next asserts that because the procedure outlined in State v. Jernigan, 455 S.E.2d 163 (N.C. 1995), and N.C. Gen. Stat. § 15A-928(c) (1997), which governs cases involving habitual impaired driving charges, was not followed by the district court. In Jernigan, the Court of Appeals of North Carolina stated that the purpose of § 15A-928 is "to insure that the defendant is informed of the previous convictions the state intends to use and is given a fair opportunity to either admit or deny them or remain silent." Jernigan, 455 S.E.2d at 166. We find Robinson was informed, prior to trial, that the Government intended to prove previous convictions of Robinson and that Robinson, armed with this knowledge, informed the court that he denied the previous convictions. See id. at 166. Accordingly, we find the district court did not violate any of the safeguards outlined in the North Carolina statute or case law governing a trial of habitual driving while impaired.

With regard to Robinson's claims that it was improper to allow the officer to testify as to his opinion of whether Robinson was intoxicated and improper to allow evidence of his refusal to submit to the Intoxilyzer 5000 chemical analysis, we find the authorities cited by Robinson do not support either of these allegations. Accordingly, we find these claims meritless.

We therefore affirm Robinson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4